### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

WILMON EARL NICHOLS,    :
AIS 109526,

                             :

    Petitioner,

                             :

vs.                                 CA 08-0077-CB-C

                             :

STEPHEN BULLARD,

                             :

    Respondent.

### REPORT AND RECOMMENDATION

      Wilmon Earl Nichols, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

### FINDINGS OF FACT

      1.      On May 31, 2002, Nichols pleaded guilty to an amended charge of second-degree burglary in the Circuit Court of Mobile County, Alabama; he was sentenced, on June 28, 2002, to life imprisonment. (*See* Doc. 4, Exhibit

RX-A, Case Action Summary Sheet) Petitioner filed no direct appeal from his conviction and sentence. (*See* Doc. 1, at 3 ("Plea agreement gave up right to appeal."))

2.      Nichols filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama on January 14, 2004, collaterally attacking his conviction and sentence. (Doc. 4, Exhibit RX-D, REPORT AND RECOMMENDATION, at 2) The trial court's denial of the Rule 32 petition was affirmed by the Alabama Court of Criminal Appeals. (*Id*.) A certificate of judgment was issued by the Alabama Supreme Court on December 10, 2004. (*Id*.)

3.      Nichols filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on December 10, 2004, collaterally attacking his conviction and sentence. *See Nichols v. Bullard*, CA 04-0833-BH-M, Doc. 1. On July 22, 2005, United States Magistrate Judge Bert W. Milling, Jr., recommended that the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). (*See* Doc. 4, Exhibit RX-D). Senior United States District Judge W. Brevard Hand adopted Magistrate Judge Milling's report and recommendation by order and judgment entered on July 28, 2005. (Doc. 4, Exhibits RX-E & RX-F)[1]

---

[1]      Judge Hand denied several post-judgment motions filed by Nichols, the last denial of a motion coming on June 12, 2006. *See Nichols v. Bullard*, CA 04-0883-BH-M, Civil

4.      Nichols filed a second Rule 32 petition in the Circuit Court of

Mobile County, Alabama on November 29, 2006. (Doc. 4, Exhibit RX-G, at

1) The trial court summarily denied the collateral petition on February 23,

2007 and Nichols appealed. (*Id*. at 1 & 2)

> In his petition, Nichols alleged that the trial court lacked
> jurisdiction to sentence him to life imprisonment because, he
> said, a life sentence exceeded the maximum authorized by law
> or was not otherwise authorized by law. Specifically, Nichols
> argued that the prior convictions used to enhance his sentence
> under the Habitual Felony Offender Act were not properly
> certified as required by § 12-21-70, Ala.Code 1975. . . .
>
> Nichols's claim is nothing more than a challenge to the
> State's proof of his prior convictions. As such, although couched
> in jurisdictional terms, the claim is not truly jurisdictional.
> Therefore, the circuit court correctly found that Nichols's claim
> was barred by Rule 32.2(a)(5), because it could have been, but
> was not, raised and addressed on appeal, and by Rule 32.2(c)
> because Nichols's petition was filed after the limitations period
> had expired. Accordingly, summary denial of Nichols's petition
> was proper.
>
> Based on the foregoing, the judgment of the circuit court
> is affirmed.

(*Id*. at 1-2 (internal citation omitted)) The Alabama Supreme Court denied

Nichols' petition for writ of certiorari and entered a certificate of judgment on

November 9, 2007. (Doc. 4, Exhibit RX-H)

5.      Nichols filed the instant habeas corpus petition in this Court on

---

Docket Sheet.

January 31, 2008.  (Doc. 1, at 13 (petition signed on this date)) The issue raised in the instant petition is different from that raised in his first petition. (*Compare* Doc. 1 *with* Doc. 4, Exhibit RX-C).

## CONCLUSIONS OF LAW

1.      Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000).

2.      The instant petition, filed on January 31, 2008 pursuant to 28 U.S.C. § 2254, is clearly a successive petition yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks

4

jurisdiction to consider Nichols' request for relief.  *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

3.     The undersigned recommends that this Court dismiss Nichols' present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631. *See Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '*[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without

prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A).").

## <u>CONCLUSION</u>

The Magistrate Judge recommends that the present habeas corpus petition be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 10th day of April, 2008.

s/WILLIAM E. CASSADY_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


　s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE